**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISON**

NISSA AVILA,

     Plaintiff,                       CASE NO.

v.

FIRST SOURCE ADVANTAGE, LLC

     Defendant.

_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, NISSA AVILA ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, FIRST SOURCE ADVANTAGE, LLC ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before any appropriate United States district court without regard to the amount in controversy.

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.     Plaintiff is a natural person who resides in Zephyrhills, Pasco County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.     Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Buffalo, New York.

8.     Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9.     Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.     Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13.     Defendant calls Plaintiff on her cellular telephone from, 866-517-7458 and 866-276-8306.

14.     Defendant calls Plaintiff several times a day, sometimes up to three times a day.

VERIFIED COMPLAINT                                           2

15. Defendant constantly and continuously calls Plaintiff's parent's home despite being told to stop doing so.

16. Defendant revealed to Plaintiff's mother that the call was in an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's mother regarding location information and stating that Plaintiff owes a debt;

b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's mother more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete;

c. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's mother in connection with the collection of Plaintiff's debt;

d. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff; and

e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

VERIFIED COMPLAINT                                          3

21. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

22. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By:

James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x230
Fax: (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NISSA AVILA hereby demands trial by jury in this action.

VERIFIED COMPLAINT

4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, NISSA AVILA, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, NISSA AVILA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10|13|10

NISSA AVILA,
Plaintiff

VERIFIED COMPLAINT                                             5